# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2929

_____

Suryoadi Suryoadi,                                     *
                                                       *
                    Petitioner,                        *
                                                       *    Petition for Review of an
          v.                                           *    Order of the Board of
                                                       *    Immigration Appeals.
Alberto Gonzales, Attorney General of                  *
the United States of America,                          *    [UNPUBLISHED]
                                                       *
                    Respondent.                        *

_____

Submitted: June 15, 2007
Filed: July 31, 2007

_____

Before MELLOY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Petitioner Suryoadi Suryoadi is a native and citizen of Indonesia. He entered the United States on a visitor's visa and overstayed that visa. Twenty-two months after Suryoadi entered the United States, he applied for asylum, withholding of removal, and relief under the Convention Against Torture. He conceded removability, and his case came before an immigration judge ("IJ") for a hearing. At the hearing, the IJ found that Suryoadi missed the one-year deadline for filing his asylum application without satisfying any exception to the filing deadline. In the alternative, the IJ found Suryoadi was not entitled to asylum because his claims of past

persecution and of a well-founded fear of future persecution were without merit. Further, the IJ found that because Suryoadi had lived in Indonesia for eight years without incident prior to entering the United States, and because his family remained in Indonesia unharmed, Suryoadi failed to show it would be unreasonable to relocate within the country to avoid the alleged risk of harm. Because Suryoadi failed to meet the lower standards for asylum or demonstrate that relocation would be unreasonable, the IJ found Suryoadi's same arguments insufficient to justify the other requested forms of relief. The Board of Immigration Appeals ("Board") adopted and affirmed the IJ's decision with limited additional comments.

Because the Board affirmed and adopted the decision of the IJ, we review the IJ's and the Board's decisions together. Quomsieh v. Gonzales, 479 F.3d 602, 605 (8th Cir. 2007). The government correctly notes that we lack jurisdiction to review the IJ's factual determination that Suryoadi's asylum application was untimely and that no exception applies to excuse Suryoadi's untimeliness. See Yakovenko v. Gonzales, 477 F.3d 631, 635-36 (8th Cir. 2007) (holding that a finding of untimeliness is a factual finding shielded from our review by 8 U.S.C. § 1158(a)(3)).

Regarding the claim for withholding of removal, Suryoadi alleged a fear of persecution because unidentified purported persecutors believed he and his family were affiliated with a communist party organization and practiced black magic. The IJ found that Suryoadi was generally credible regarding Suryoadi's recitation of his own experiences, none of which involved persecution. The IJ expressed doubts, however, as to the veracity of Suryoadi's claims of past harm to his family. Suryoadi claimed that his grandfather had been a member of a communist party organization in 1965. Suryoadi claimed further that, in 1996, Muslim extremists motivated by anti-communist sentiment and anti-black magic sentiment burned the family home where his grandfather and parents lived. Although Suryoadi claimed the home was severely damaged, he also stated that his family, including his wife, remained at the home. Suryoadi also stated that unidentified people threatened his family in 1998, but that

there was no violence associated with the 1998 threats. As to the anti-communist sentiment, there was no evidence of recent participation by Suryoadi or his family in any communist organization, and the IJ found it unlikely that persons sufficiently motivated to attack Suryoadi's family would wait forty years to release their aggression. Nevertheless, the IJ did not expressly find Suryoadi to be non-credible in this regard.

Rather, the IJ found that there was no showing of past persecution because: Suryoadi had lived in Bali for the eight years preceding his entry into the United States without witnessing or experiencing any personal harm; Suryoadi's parents and wife had remained in the home that was purportedly burned in 1996 without suffering any additional alleged harm; no allegations of personal harassment nor property damage involving any member of Suryoadi's family rose to the level of persecution or torture; and there was no evidence tending to demonstrate that the state was involved in, or acquiesced in, any alleged persecution. Finding no past persecution, the IJ proceeded to determine that Suryoadi also failed to present sufficient evidence to demonstrate a well-founded fear of future persecution or torture.

We may only reverse the administrative ruling in this case if the evidence as reflected in the administrative record is "so compelling that no reasonable factfinder could fail to find" that the petitioner qualifies for relief. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). The record does not compel such a finding. Rather, Suryoadi points to no evidence in the record tending to disprove the IJ's findings, and the record is more than adequate to support the IJ's determinations.

We affirm the Board and deny the petition for review.

———————————————